# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TERRI GREIG, AS SPECIAL ADMINISTRATOR OF THE SUCCESSION OF MICHAEL E. GREIG, DECEASED, AND TERRI GREIG, INDIVIDUALLY, AS REPRESENTATIVE HEIR AT LAW OF MICHAEL E. GREIG, DECEASED, | ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 08-1181-EFM-KGG |
| MAGED S. BOTROS, M.D., | ) ) | |
| Defendant, | ) ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion for Limited Extension of the Current Discovery Deadline. (Doc. 80.) Plaintiff has responded in opposition (Doc. 82) and Defendant has replied (Doc. 83). After careful review of the submissions of the parties, as well as revisiting various pleadings in this case including three Scheduling Orders, the Court is prepared to rule on this motion.

## BACKGROUND

Plaintiff filed the present matter on June 16, 2008, alleging various claims for medical negligence and wrongful death resulting from treatment the decedent

received from Defendant after being transported to Via Christi Regional Medical Center in Wichita, Kansas, complaining of chest pains. (*See generally*, Doc. 1.) Defendant answered the Complaint on August 8, 2008, generally denying Plaintiff's allegations of negligence and raising certain affirmative defenses. (Doc. 7.) The first Scheduling Order in this matter was entered on September 12, 2008, containing a discovery deadline of October 1, 2009, among the other typical deadlines. (Doc. 10.)

A revised Scheduling Order was entered on April 10, 2009, following a status conference with Magistrate Judge Donald Bostwick. (*See* April 7, 2009, minute entry; Doc. 25.) The first revised Scheduling Order contained, in part, the following deadlines:

- disclosure of Plaintiff's experts by October 30, 2009

- disclosure of Defendant's experts by January 15, 2010

- disclosure of rebuttal experts by March 15, 2010

- all discovery commenced or served in time to be completed by April 16, 2010

- final pretrial conference on May 20, 2010

- dispositive motions by June 14, 2010

(Doc. 25.) Thereafter, the parties continued with numerous depositions and exchanged certain written discovery.

Plaintiff filed an Unopposed Motion for Extension of Time for Certain Deadlines and Settings (Doc. 51) on October 26, 2009. In bringing this motion, Plaintiff informed the Court that outstanding written discovery requests, an outstanding business records subpoena, and scheduled depositions would need to be reviewed by her experts before their written opinions could be finalized. (*Id*., at 1.) According to Plaintiff, this necessitated moving Plaintiff's expert deadline, which in turn would impact the other remaining deadlines in the first revised Scheduling Order. (*Id*., at 2.)

The Court granted Plaintiff's unopposed motion and entered a second revised Scheduling Order on November 2, 2009. That Order, in part, contained the following deadlines:

- disclosure of Plaintiff's experts by January 20, 2010

- disclosure of Defendant's experts by April 7, 2010

- disclosure of rebuttal experts by June 7, 2010

- all discovery commenced or served in time to be completed by June 25, 2010

- final pretrial conference on August 12, 2010

- dispositive motions by September 6, 2010

(Doc. 53.)

Subsequently, a joint motion was filed on January 8, 2010, requesting an

extension of two weeks for the various expert disclosure deadlines. (Doc. 60.) The parties informed the Court that "[n]o other deadlines would be affected by the requested extension." (*Id.*, at 1.) The motion was granted on January 11, 2010, resetting the following deadlines:

- disclosure of Plaintiff's experts by February 3, 2010
- disclosure of Defendant's experts by April 21, 2010

No change was made to the June 7, 2010, deadline for disclosure of rebuttal experts. (Doc. 61.)

Plaintiff filed her expert witness designation on February 3, 2010, identifying Dr. Bruce Janiak, Dr. John Robertson, Dr. Rob Rogers, and Dr. Richard Ruth.[1] (Doc. 62.) Plaintiff informed the Court that written reports from these experts were produced to defense counsel in accordance with Fed.R.Civ.P. 26(a)(2). (*Id.*) Plaintiff also attested that

> [a]vailable information concerning each experts' qualifications, including a current curriculum vitae, a list of publications authored by the witness within the preceding four years, the compensation to be paid for the study and testimony, and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years, has also been produced.

---

[1] Defendant's expert designation were also timely filed on April 21, 2010. (Doc. 69.)

(*Id.*) Defendant deposed Plaintiff's expert Dr. Rogers, whose qualifications are the subject of the present motion, on March 25, 2010.[2] (Doc. 64.)

Defendant filed the present motion on June 25, 2010, requesting a limited extension of the discovery deadline – which was scheduled to expire that day – "to allow for the service of certain Business Records Subpoenas relating to whether there was adequate foundation for Dr. Rogers' opinions under the requirements of K.S.A. § 60-3412. (*See generally,* Doc. 80.) Defendant also requested the ability to depose previously unidentified witnesses listed in Plaintiff's supplemental Rule 26 disclosures on May 14, 2010. (*Id.*, at 2-3; *see also* Doc. 70.)

Plaintiff responded in opposition to Defendant's requests relating to the business records subpoenas, arguing in part that Defendant failed to comply with local rules prior to filing the motion, Defendant failed to show "good cause" for the requested extension, and that the requested documents are confidential, unduly burdensome, overbroad, and intimidating. (*See generally*, Doc. 82.) Defendant replied that he has shown "good cause" for the requested extension, that Plaintiff does not have standing to raise various challenges to the substance of the subpoenas, and that the information sought is reasonably calculated to lead to the

---

[2] The Court notes that the deposition notice was filed with the Court on February 18, 2010. (Doc. 64.)

5

discovery of admissible evidence. (*See generally* Doc. 83.)

Subsequent to filing the present motion, the parties jointly moved to extend the deadline to submit a proposed Pretrial Order and to reschedule the final Pretrial Conference. (Doc. 85.) The Court granted that motion on July 30, 2010 (Doc. 86), setting a deadline to submit the proposed Pretrial Order for August 30, 2010 and rescheduling the Pretrial Conference for September 13, 2010.

## DISCUSSION

Fed. R. Civ. P. 16(b) provides that the Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the . . . magistrate judge." To establish "good cause" the moving party must show that the scheduling order's deadline could not have been met with diligence. ***Parker v. Central Kansas Medical Center***, 178 F.Supp.2d 1205, 1210 (D.Kan. 2001); ***Denmon v. Runyon***, 151 F.R.D. 404, 407 (D.Kan. 1993). "This rule gives trial courts 'wide latitude in entering scheduling orders,' and modifications to such orders are reviewed for abuse of discretion." ***In re Daviscourt***, 353 B.R. 674, (B.A.P. 10th Cir. 2006) (citing ***Burks v. Okla. Publ'g Co.***, 81 F.3d 975, 978-79 (10th Cir. 1996)).

It is well-established that lack of prejudice to the nonmovant does not establish the requisite good cause to modify a scheduling order. ***Deghand v. Wal-***

*Mart Stores, Inc.*, 904 F.Supp. 1218, 1220 (D. Kan. 1995) (affirming a magistrate's order denying a motion to amend complaint that was untimely filed under the case's scheduling order). Stated another way,

> Rule 16(b)'s good cause standard does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking to modify the scheduling order.

*Leviton Mfg. Co., Inc. v. Nicor, Inc*., 245 F.R.D. 524, 528 (D. N.M. 2007) (internal citations omitted). As such, the Court will not address the parties discussion of prejudice, if any, to Plaintiff.[3]

In the matter before the Court, Defendant's motion contains little discussion of how the discovery deadline at issue could not have been met with diligence. Even so, while it appears the defense could have acted more expeditiously in securing the requested information, the Court does not find that the facts evidence a lack of diligence. Further, the information requested is, generally, within the proper scope of discovery under Rule 26(b). This litigation has a long, although not unusual, history of amended deadlines, and discovery other than that at issue here remains ongoing. Under these circumstances it will not serve justice to refuse

---

[3] The Court will note, however, that Plaintiff has sought several previous extensions in this case, as discussed above. In addition, at least a portion of the relief Defendant is requesting has been necessitated by Plaintiff's failure to previously identify newly listed witnesses and/or timely respond to Defendant's inquiries regarding the same.

to extend this particular deadline for the limited purpose requested.

The Court has also reviewed Plaintiff's various substantive objections to the subpoenas themselves. The fact remains that Plaintiff simply does not have standing to raise these objections. Objections to a business records subpoena "may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena." *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995) (citing *Kansas Health Care Association, Inc. v. Kansas Department of Social and Rehabilitation Services*, 1990 WL 255000 (D.Kan.1990)). The documents at issue all relate to the professional activities of Plaintiff's expert, not Plaintiff himself. As such, the objections Plaintiff raises clearly belong to the University of Maryland and/or Dr. Rogers, not Plaintiff.

The Court expresses no opinion at this time concerning the scope of the requests, or whether the non-parties who are the targets of the subpoenas may be entitled to relief, including the protection of confidential or privileged information. Neither does this ruling authorize a general continuing search into the subject area through additional discovery, or follow-up discovery into facts disclosed or issued raised by any documents obtained. Regardless, this portion of Defendant's motion (Doc. 80) is **GRANTED**.

Defendant also requests the ability to depose newly identified fact witnesses listed in Plaintiff's supplemental Rule 26 disclosures on May 14, 2010. (*Id.*, at 2-3; *see also* Doc. 70.) Plaintiff's response in opposition to Defendant's motion (Doc. 82) makes no mention of this request. As such, the Court will consider this portion of Defendant's request to be an uncontested motion pursuant to D. Kan. Rule 7.4. "If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." D.Kan. Rule 7.4. The Court finds Defendant's request to depose these witnesses, if necessary, to be unopposed, timely, and facially valid. Defendant's Motion (Doc. 80) is, therefore, **GRANTED** in its entirety.

The Court hereby extends discovery for the following limited purposes:

1) to allow service of, and response to, the business records subpoenas at issue (Docs. 79-1, 79-2);[4] and

2) to allow Defendant to depose, if necessary, any of the newly identified witnesses contained in Plaintiff's supplemental Rule 26 disclosures (Doc. 70).

The Court hereby orders all such discovery to be completed before the final Pretrial Conference, rescheduled for September 13, 2010, at 1:30 p.m. (*See* Doc.

---

[4] Defendant is not, however, required to re-serve the subpoenas at issue.

86.) The parties are strongly encouraged to cooperate in order to complete this outstanding discovery by that time.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Limited Extension of the Current Discovery Deadline (Doc. 80) is **GRANTED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 12th day of August, 2010.

s/Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge